**John BRENEMAN and William D. Breneman, Petitioners**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent**

No. 01–1165.

United States Court of Appeals, District of Columbia Circuit.

Feb. 26, 2002.

Before TATEL and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

JUDGMENT

PER CURIAM.

These cases were considered on the record before the Federal Aviation Administration and on the briefs and oral arguments by counsel.

Petitioners lack standing to challenge the FAA's determination that proposed construction of a fence on property near the Tanner–Hiller Airport in New Braintree, Massachusetts would be "hazard[ous] to air navigation." 14 C.F.R. § 77.35(c). Petitioners have not established that the purely advisory determination prevents

them from going ahead with the project. *See Aircraft Owners & Pilots Ass'n v. FAA,* 600 F.2d 965, 966–67 (D.C.Cir.1979) ("Once issued, a hazard/no-hazard determination has no enforceable legal effect. The FAA is not empowered to prohibit or limit proposed construction it deems dangerous to air navigation." (footnote omitted)). As a result, we cannot see how the myriad injuries of which Petitioners complain are "fairly traceable" to the challenged determination. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 590, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (holding that to establish standing, a plaintiff must "allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief" (internal quotation marks and citations omitted)).

Petitioners have, however, established standing to challenge the FAA's separate determination that construction of a hill on the same property would create an air navigation hazard, as they submitted an affidavit indicating that the Commonwealth of Massachusetts Aeronautics Commission denied their request for a permit to build the hill due at least in part to the hazard determination. Breneman Aff. para. 4; *see also D & F Afonso Realty Trust v. Garvey,* 216 F.3d 1191, 1194 (D.C.Cir.2000) (finding standing under similar circumstances). Nevertheless we find no merit to Petitioners' claim that the determination is arbitrary and capricious or otherwise contrary to law. To begin with, the decision to grant administrative review of a hazard determination is committed to agency discretion, *see* 14 C.F.R. § 77.37(c) ("The Administrator examines each petition and decides whether a review will be made[.]"), and is therefore insulated from judicial review under the Administrative Procedure Act, *see, e.g., Tourus Records, Inc. v. DEA,* 259 F.3d 731, 735 (D.C.Cir.2001). As for the merits of the hazard determination, we think the fact that sixty-two feet of the proposed hill would rise above the Tanner–Hiller Airport's "approach surface," J.A. at 83, is sufficient to support the FAA's findings that the hill would adversely affect air traffic and that the effects would be substantial—and in turn that the hill would be a hazard, *see D & F Afonso,* 216 F.3d at 1195 (listing the required elements of a hazard determination). Moreover, Petitioners dispelled any lingering doubts on the issue—and ran afoul of this court's chutzpah doctrine, *see, e.g., Caribbean Shippers Ass'n v. Surface Transp. d.,* 145 F.3d 1362, 1365 n. 3 (D.C.Cir.1998) (invoking the doctrine); *Harbor Ins. Co. v. Schnabel Found. Co.,* 946 F.2d 930, 937 n. 5 (D.C.Cir.1991) (citing the "legal definition of chutzpah: chutzpah is a young man, convicted of murdering his parents, who argues for mercy on the ground that he is an orphan")—when they conceded at oral argument that they *intend* to build the hill in part to impede air traffic at the Airport.

We have considered Petitioners' constitutional challenges to the FAA's hill determination and find them equally without merit.

Accordingly, it is ORDERED that the Petitioners' challenge to the fence determination be dismissed for lack of standing, and that the FAA's hill determination be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.